IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:22-cr-00120

BRIAN MATTHEW WITTMANN

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence of imprisonment within the guideline range in the above-captioned matter, specifically 57 months' incarceration.

The PSR sets forth Defendant's total offense level as 23 and he falls within criminal history Category I, which results in an advisory guideline range of 46 months to 57 months. See PSR ¶ 53.

For the reasons set forth herein, the United States respectfully requests that the Court sentence Defendant to 57 months' incarceration, to be followed by sex offender registration for fifteen years. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the serious nature of the offense, and deter others who would follow Defendant's example.

I.    **BACKGROUND**

On May 11, 2022, Defendant, a 33-year-old man, contacted a young girl[1] on Instagram, a social media application. The girl told Defendant that she was fourteen years old. Defendant continued to talk to her over the internet, and he eventually asked for her phone number so that he could text her directly. He sent her a picture of his naked, erect penis. He then discussed her sexual experiences and expressed his desire to have sex with her. Defendant described in graphic detail the sexual acts he wanted to engage in with the girl. See PSR ¶¶ 7, 9.

Defendant continued to text with the girl for over a week to facilitate his plans. Defendant coached the girl on how to sneak out without her parents' knowledge so that they could meet. He shared his plan to drive from North Carolina to a campground in West Virginia to meet with the girl and engage in sexual acts with her. Defendant instructed the girl to leave a note for her parents so they would not call the police if her absence was discovered.

On May 20, 2022, Defendant drove four hours from North Carolina to Summersville, West Virginia to meet the girl. When he arrived, he was instead met by law enforcement officers. The officers discovered condoms, blankets, a pillow, and the morning-after pill in Defendant's vehicle. He told law enforcement that he

---

[1] While Defendant believed the young girl to be fourteen, he was actually texting with an undercover law enforcement officer.

knew the girl was fourteen and he intended to engage in sexual activity with her.

Defendant explained to law enforcement that he continued with his plans after discovering the girl's age because he had dated many girls over the years but had not found one that he really liked. He explained, "I thought, oh well, maybe this is my one chance in my life to actually get to be with a girl that I actually like for once." Although he knew it was wrong and stupid, it "seemed like some magical opportunity fell out of the sky and I thought I'd be a f[---]ing idiot if I didn't go for it."

When asked if he had ever talked sexually to other girls under the age of 16, Defendant responded to law enforcement, "Oh, yeah, I'm sure. Sure, there would be plenty on there."

## II.   SENTENCING FACTORS

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

### A. Nature and Circumstances of the Offense.

The offense of conviction and the totality of Defendant's conduct demand a sentence of 57 months' incarceration. Defendant stands convicted of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor as a result of his execution of a plan to lure a fourteen-year-old girl into having sex with him. Defendant engaged in conversations for

over a week to convince a young girl to participate in sexual activity with him. He sent her a nude photo and discussed intimate sexual acts with her. Defendant then put his plan into action by getting into his vehicle and driving four hours from North Carolina to West Virginia to fulfill his sexual fantasies. He brought with him the tools of his trade – blankets, pillows, condoms, lubricant, and the morning after pill. Those tools clearly illustrate Defendant's intent to commit the sexual acts he discussed with the girl. His behavior and actions in attempting to engage in sexual relations with a fourteen-year-old girl are reprehensible. Further, Defendant's admission that he had attempted similar conversations with other underage girls shows a pattern of deviant behavior and weighs in favor of a guideline sentence.

B. **Need for the Sentence to Reflect the Serious Nature of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public.**

The serious nature of Defendant's offense and the need for just punishment warrant a sentence of 57 months in prison. Defendant's admitted conduct in pursuing the girl, sending her photos, discussing sex with her, developing a detailed plan to engage in sexual activity, establishing a way to avoid parental detection, and putting that plan into motion by gathering his sexual kit and traveling to West Virginia was purposeful and deliberate. Defendant's actions were calculated to lure a young girl into illegal sexual activity, and he was intent on completing

4

that plan. He was only thwarted when he arrived at the scene of his planned tryst and discovered law enforcement instead of the young girl.

A guideline sentence of 57 months in prison is warranted to deter both Defendant and others who may also seek to sexually abuse children. Such a sentence also reflects the seriousness of his offense — when Defendant traveled to West Virginia, he fully believed it was a young girl he was going to meet rather than a law enforcement officer. Individuals who seek to have sex with children are justly sentenced to substantial terms of imprisonment.

## III.  CONCLUSION

Defendant's conduct shows that he is attracted to the sexual exploitation and degradation of young girls, and the lengths to which he was willing to go to achieve his goals. The United States believes that a sentence of 57 months' incarceration is appropriate and proffers that no compelling reason is present that would suggest a sentence below the statutory guidelines as calculated by both the United States Probation Office and the parties. Such a sentence, coupled with sex offender registration, serves the ends of justice and protects the public.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:   s/Julie M. White
      JULIE M. WHITE
      Assistant United States Attorney
      WV State Bar No. 13971
      300 Virginia Street East Room 4000
      Charleston, WV  25301
      Telephone:  304-345-2200
      Fax:  304-347-5104
      E-mail: Julie.white@usdoj.gov

6

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 19th day of April, 2023, to:

Tim Carrico, Esq.
105 Capitol Street, Suite 300
Charleston, WV 25301
Email: TCarrico@carricolaw.com

By:   s/Julie M. White
      JULIE M. WHITE
      Assistant United States Attorney
      WV State Bar No. 13971
      300 Virginia Street East Room 4000
      Charleston, WV  25301
      Telephone:  304-345-2200
      Fax:  304-347-5104
      E-mail: Julie.white@usdoj.gov