UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATE OF AMERICA**

v.                                                        Case Number: 2:22-CR-120

**BRIAN MATHEW WITTMANN**

### DEFENDANT'S AMENDED SENTENCING MEMORANDUM

Defendant, Brian Mathew Wittmann, by his counsel, submits this Memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming April 26, 2023, sentencing hearing.

### INTRODUCTION

Mr. Wittmann's total offense level, after the reduction for acceptance of responsibility, comes to 23. (PSR, Paragraph 28). And with a Criminal History Category of I, the advisory guideline range is 46 months to 57 months for his conviction for *Travel in Interstate Commerce for the Purpose of Engaging in Any Illicit Sexual Conduct with a Minor*; 18 U.S.C. §§ 2423(b) and 2423(e). (PSR, Paragraph 53).

He is facing the imposition of a mandatory minimum term of supervised release of five years to life, with mandatory and standard conditions, as well as conditions as being a sex offender. (PSR, Paragraph 55).

Pursuant to 34 U.S.C. § 20914, he shall register as a sexual offender with the appropriate agency for 15 years as a Tier I sex offender (PSR, Paragraphs 57 and 58). In addition, pursuant to §5D1.3(a)(7)(B), he will be required comply with the specific Sex Offender Registration requirements of the State of his residence, which may require registration for more than 15 years. (PSR, Paragraph 60). In addition to being subject to the $100.00 special assessment he is subject

1

to $5,000 assessment on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014. (PSR, Paragraph 108)

His advisory fine range is $20,000 to $1,000,000.

Mr. Wittmann asserts no legal or factual objections to the PSR other than a request for the Court to consider not imposing additional standard supervised release conditions set forth in the PSR at Paragraphs 72 (work requirement), 81 (drug testing), 83 (community service) for the reasons set forth below.

## 18 U.S.C. § 3553(a) Factors for Consideration:

The advisory guideline range for Mr. Wittmann's case would impose a term of imprisonment that would be significantly greater than necessary for the purpose of punishing Mr. Wittmann for his criminal conduct. For example, the § 2G1.3 guideline calculation overlooks the following mitigating 18 U.S.C. § 3553(a) factors concerning:

(1) Mr. Wittmann suffers from substantial physical infirmities as reflected in the PSR at Paragraphs 39-44 that that will result in any penitentiary sentence causing in him substantially more physical discomfort than incurred by a typical penitentiary inmate;

(2) Mr. Wittman suffers from psychological issues as reflected in the PSR in Paragraphs 45-46. He suffers from loneliness, anxiety and depression. He is diagnosed with adjustment disorder.

(3) The Court's ability to closely monitor Mr. Wittmann's activities after he serves his mandatory minimum sentence of five years during a lengthy term of supervised release that would include continued participation in a sex offender treatment program with polygraph testing as well as other more stringent conditions over a longer period of time than a typical federal offender; and

(4) Mr. Wittmann was incarcerated from July 13, 2022, until his release on bond on August 9, 2022. However, from August 9, 2022, to the present he has been in home confinement as a condition of bond.

Based on the foregoing, Mr. Wittmann would ask this Court to consider all of these factors to impose a variance sentence of a term of imprisonment of 30 months incarceration followed by a substantial term of supervised release as deemed appropriate or necessary by the Court. This type of sentence would provide a significant punishment for someone like Mr. Wittmann who is being sentenced for his first felony conviction and who has never spent any time in custody. As Mr. Wittmann will be serving an extended period of supervised release that will include restrictive conditions curtailing his access to the Internet, other minors, and requiring his continued participation in a sex offender treatment program, the suggested sentence would strike an appropriate balance for imposing a sufficient, but not greater than necessary, punishment for his conduct. Mr. Wittmann would rely upon the following factors in support of this suggested sentence:

### Mr. Wittmann's personal circumstances warrant consideration for the proposed variance sentence.

Mr. Wittmann, when initially confronted by the government, admitted to wrongful conduct.

Mr. Wittmann has substantial support from his mother in North Carolina.

He signed a plea agreement and plead guilty.

Mr. Wittmann requests the Court to consider the absence of any past criminal convictions. This shows that he poses a low risk of reengaging in criminal conduct upon his release or otherwise posing a threat to anyone in his community. This is the first conviction that he has had in his life. He is not a violent person as shown by the lack of any previous instance for any arrest for any crime of violence or the filing of any domestic violence protection order against him.

Drugs and alcohol have never held any negative influence in his life. His history does not reflect any previous allegations of any improper solicitation or contacts with any minor. His zero criminal history score reflects that he has lived the majority of his adult life without posing any threats to his neighbors and would continue to do so in the future.

Several of the conditions for supervised release will ensure that he does not return to the offense conduct. He will be subject to undergoing a sex offender risk assessment upon release from custody and participating in a recommended sex offender treatment program which could last for several years. This program will be in addition to any similar program in which Mr. Wittmann enrolls while in BOP custody. Mr. Wittmann will be subject to bi-annual polygraph testing to ensure that he is complying with all of the conditions of his release. He will not be allowed to possess a computer or have any Internet access for any employment or education purpose without first obtaining the permission of his Probation Officer. A five-year term of supervised release should be sufficient time for Mr. Wittmann to demonstrate to the Court that he can successfully complete a sex offender treatment program and return to becoming a productive member of society.

The Court should further consider that this conviction carries significant collateral consequences for Mr. Wittmann. His life will always be shadowed by the stain of having such a federal felony conviction. He will have to abide by the civil registration requirements as a sex offender for the remainder of his life. There is an incentive for Mr. Wittmann to successfully complete any specific term of supervised release which is imposed for his case. As the offense of conviction is a Class B felony, this Court could impose a three-year prison sentence upon finding that he violated the terms and conditions of his supervised release. 18 U.S.C. § 3583(e)(3).

Unlike other offenders who receive the maximum term of imprisonment for violations, Mr. Wittmann is subject to returning to supervision following any release from custody. This Court would have the authority to re-impose and extend his term of supervision to the maximum term of life as provided by statute. 18 U.S.C. §§ 3583(e)(2), (k).

### Designation and Self Report

Mr. Wittmann would ask the Court for a designation to a facility that has sexual offender treatment. Accordingly, Mr. Wittmann would ask for a designation to FCI-Elkton. He further requests that the Court consider allowing him to self-to his designated facility.

### Additional Conditions regarding Supervised Release

Mr. Wittman would ask the Court to not impose the work and community service provisions as conditions of his supervised release due to his physical medical issues as set forth in the PSR. He further would ask the Court to not impose the random drug screening provision as a condition of his supervised release in that he has no history of past illegal substance abuse. In addition, he has extreme difficulty urinating on demand. The last drug screen he submitted to at the probation department he had to wait at the department for approximately (5) five hours before he could urinate.

For the reasons set forth herein, defendant, Brian Mathew Wittmann, respectfully requests this Court to consider the cited 18 U.S.C. § 3553(a) factors to impose the suggested variance sentence in his case of 30 months. In addition, he requests the Court to allow him to self-report to his designated facility.

Respectfully submitted this 20th day April 2023.

BRIAN MATHEW WITTMANN
By Counsel

5

s/Tim C. Carrico
**Tim C. Carrico (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**214 Capitol Street**
**Charleston, West Virginia 25301**
**(304) 347-3800**