IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:22-cr-00120-01

BRIAN MATTHEW WITTMANN

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 72]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to

require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On May 15, 2023, Mr. Wittmann was sentenced to 51 months of imprisonment, followed by ten years of supervised release, for traveling in interstate commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(b) and 2423(e) (2018). *See* [ECF No. 67]. His total offense level was 23. [ECF No. 70, ¶ 28]. He had zero criminal history points, which established a criminal history category of I. *Id.* ¶ 31. Based on a total offense level of 23 and a criminal history category of I, Mr. Wittmann's guideline range was 46 to 57 months. [ECF No. 69, at 1].

Even though Mr. Wittmann did not receive any criminal history points from Chapter Four, Part A of the Sentencing Guidelines, he is ineligible for a two-level reduction in his offense level as a Zero-Point Offender if the court finds that the

instant offense of conviction is a sex offense. Section 4C1.1(a) provides that in order for a defendant to receive a two-level reduction, the defendant must meet all of the outlined criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) *the instant offense of conviction is not a sex offense*;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise. . . .

U.S.S.G. § 4C1.1(a) (Nov. 2023) (emphasis added).

Section 4C1.1(b)(2) provides, in pertinent part, that a sex offense is "an offense, perpetrated against a minor under . . . chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual." Here, Mr. Wittmann pleaded guilty to traveling in interstate commerce to engage in illicit sexual conduct. Traveling in interstate commerce to engage in illicit sexual conduct is an offense under Chapter 117 of Title 18 of the United States Code. 18 U.S.C. §§ 2423(b), 2423(e) (2018). Based on these facts, I find that Mr.

Wittmann's present offense of conviction is a sex offense under U.S.S.G. § 4C1.1. Because Mr. Wittmann's present offense of conviction is a sex offense, he fails to meet the criterion set out in U.S.S.G. § 4C1.1(a)(5) and is ineligible for the two-level reduction outlined in § 4C1.1(a).

Wherefore, after a thorough review and careful consideration, the court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on May 15, 2023, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: May 3, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE